IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD PETE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-06-1302-HE |
| ) | |
| THE CITY OF OKLAHOMA CITY, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Donald Pete brings this case against the City of Oklahoma City and against Greg Driskill, Edward Dyer, M. T. Berry, Scott Samuels, Michael Sidek, Chris Jameson, and "various John and Jane Does," in their individual and official capacities. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985,[1] alleging the defendants violated his Fourth and Fourteenth Amendment rights when they subjected him to excessive force, an illegal search, and a conspiracy. He also raises state law tort claims for assault and battery, defamation, malicious prosecution, intentional infliction of emotional distress, and trespass to chattels.

Defendants City of Oklahoma City and Berry filed a motion to dismiss and defendants

---

[1]*Plaintiff generally averred that his action is also brought pursuant to 42 U.S.C. § 1988. § 1988 does not create an independent cause of action. Schroder v. Volcker, 864 F.2d 97, 99 (10th Cir. 1988). In his responses to the motions to dismiss, plaintiff states that he asserts claims under 42 U.S.C. § 1981, but the court does not read his complaint to include claims pursuant to this provision.*

Driskill, Dyer, Samuel, and Jameson filed a motion to dismiss.[2]  Both motions assert that plaintiff's claims are barred by the statute of limitations.[3]  The motions have been fully briefed by the parties.  The court concludes the motions to dismiss should be granted.

### **DISCUSSION**

While a claim that an action is time-barred is an affirmative defense, this issue may be appropriately resolved on a motion to dismiss "'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) (unpublished)[4] (quoting Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041, n.4 (10th Cir. 1980)).  Further, "'[w]hen the dates given in the complaint' support dismissal on statute of limitations grounds, 'the plaintiff has the burden of establishing a factual basis for tolling the statute.'" Id. (quoting Aldrich, 627 F.2d at 1041, n.4).

The limitations period as to the plaintiff's § 1983 and § 1985 claims is two years.  *See*

---

[2]*In determining whether a complaint should be dismissed for failure to state a claim, the question is whether, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69, 1974 (2007); MacArthur v. San Juan County, 497 F.3d 1057 (10th Cir. 2007).*

[3]*The motion filed by defendants City of Oklahoma City and Berry also seeks dismissal on other grounds, but the court finds it unnecessary to address these arguments given the court's disposition of the limitations issue.*

[4]*Lee is an unpublished decision cited for persuasive value only under 10th Cir. R. 32.1(A).*

Williams v. Shields, No. 03-7003, 2003 WL 22351957, at *1 (10th Cir. Oct. 16, 2003) (unpublished)[5] (Oklahoma two year statute of limitations for personal injury actions applies to § 1983 and § 1985 claims).[6]  The same period applies to the intentional infliction of emotional distress and trespass to chattels claims. Okla. Stat. Tit. 12 § 95(3).  The period for the assault and battery, defamation, and malicious prosecution claims is one year. Okla. Stat. Tit. 12 § 95(4).

According to the plaintiff's complaint, the events forming the basis of his claims are as follows. Plaintiff alleges that, on July 8, 2002,[7] he had an encounter with the police that eventually lead to his arrest. He asserts that "in the immediate aftermath of [his] arrest," his van was searched. *See* complaint, p. 3.  Plaintiff alleges that, the defendant police officers attempted to influence a potential witness's testimony "two days later." *See id.*, at p. 6. Plaintiff also asserts that the defendant police officers confiscated and altered a videotape of his arrest and that they swore out false affidavits as to the crimes he allegedly committed. He does not indicate a time frame as to when these last events occurred.  Nevertheless, they

---

[5] *Williams* is an unpublished decision cited for persuasive value only under 10th Cir. R. 32.1(A).

[6] *Plaintiff's contention that the federal statute of limitations of four years should apply to these claims, citing* Jones v. R.R. Donnelley & Sons Co., *541 U.S. 369 (2004), is unpersuasive as plaintiff has failed to point to any post-December 1, 1990 enactment under which these claims arise.*

[7] *In his introductory statement, plaintiff states that this encounter occurred on July 8, 2003. See complaint, p. 1. However, later in his complaint he states that this happened on July 8, 2002. See id., at p. 5. It is clear from the context and other filings that the July 8, 2005, date is correct.*

must have occurred no later than July 7, 2003, the day plaintiff first filed a complaint alleging these events.[8]  *See* Pete v. the City of Oklahoma City, et al., Case No. CIV-03-0911-HE (Doc. #1), ("Pete I").

All of the events alleged in the plaintiff's complaint must have occurred, at the very latest, by July 7, 2003, with some of the events clearly having occurred about a year earlier. Accordingly, all of the plaintiff's claims, whether subject to a one-year or a two-year limitations period, were time-barred at the time the complaint in this case was filed on November 27, 2006.[9]

Plaintiff's attempt to invoke the Oklahoma savings statute, Okla. Stat. Tit. 12 § 100, to toll the statute of limitations is ineffective. Plaintiff first filed a lawsuit based on the events alleged here on July 7, 2003. *See* Pete I, Case No. CIV-03-0911-HE (Doc. #1). That complaint was then dismissed without prejudice by this court on July 6, 2004. *See* Pete I, Case No. CIV-03-0911-HE (W.D. Okla. July 6, 2004) (Doc. #56). In its July 6, 2004 dismissal order, the court stated "[I]f plaintiff intends to refile this action against the remaining defendants, he must do so within one year of the date of this order," citing § 100

---

[8]*The court may take judicial notice of its own files and records without converting a motion to dismiss to a motion for summary judgment. See* Grynberg v. Koch Gateway Pipeline Co., *390 F.3d 1276, 1279, n.1 (10th Cir. 2004).*

[9]*To the extent plaintiff's response briefs can be read to seek application of the continuing violation doctrine, the court is unaware of any controlling authority extending the applicability of the continuing violation doctrine to § 1983 or §1985 claims. See* Frazier v. Jordan, *No. 06-1333, 2007 WL 60883, at \*4 (10th Cir. Jan. 10, 2007) (unpublished).*

and <u>Twashakarris, Inc. v. INS</u>, 890 F.2d 236 (10th Cir. 1989). Plaintiff then refiled his complaint on July 1, 2005. *See* <u>Pete v. the City of Oklahoma City, et al.</u>, Case No. CIV-05-0757-HE (Doc. #1), ("<u>Pete II</u>"). This action was dismissed without prejudice on November 30, 2005. *See* <u>Pete II</u>, Case No. CIV-05-0757-HE (W.D. Okla. Nov. 30, 2005) (Doc. #6). Plaintiff filed the current lawsuit on November 27, 2006. *See* <u>Pete v. the City of Oklahoma City, et al.</u>, Case No. CIV-06-1302-HE (Doc. #1), ("<u>Pete III</u>").

With respect to the claims based on the events that occurred on July 8, 2002 and two days following, i.e., the alleged arrest encounter, search of the van, and attempt to influence witness testimony, plaintiff necessarily relied upon the savings clause in order to timely file his July 1, 2005 complaint.[10] Oklahoma courts have held that the savings statute permits "'one and only one refiling if a case is dismissed after limitations has run.'" <u>Hull v. Rich</u>, 854 P.2d 903, 904 (Okla. 1993) (quoting <u>U.S. v. Swyden</u>, 53 P.2d 384, 288 (Okla. 1936)). Therefore, these claims are not subject to tolling under the savings clause and are dismissed as untimely.[11]

As for the plaintiff's claims arising from the alleged confiscation and alteration of the videotape or the false affidavits, neither the complaint nor the plaintiff's response briefs make clear when these events occurred nor provide any factual allegations in support of the

---

[10]*Because the limitations period on these claims ran, at the latest, on July 10, 2004, plaintiff could only sustain his July 1, 2005 complaint because it was filed within a year of his previous case being dismissed other than on the merits. See § 100.*

[11]*It is clear that the plaintiff's assault and battery claim is based solely upon the arrest encounter and the trespass to chattels claim is based only on the search of the van.*

plaintiff's assertion that these claims have not been previously filed under the savings statute. Therefore, the plaintiff has not met his burden of "establishing a factual basis for tolling" pursuant to the savings statute, Lee, 1993 WL 482951, at *1 (affirming dismissal where plaintiff made "bald-faced allegation" that her claims were subject to tolling), and these claims are likewise dismissed as untimely.[12]

For the foregoing reasons, the defendants' motions to dismiss [Doc. Nos. 13 & 16] are **GRANTED**. The dismissal is with prejudice as to the assault and battery, defamation, malicious prosecution, and trespass to chattels claims. Similarly, the dismissal is with prejudice as to the federal claims except to the extent they are premised on the alleged confiscation and alteration of the videotape or the false affidavits. Although it appears unlikely that the timing of the events underlying the latter two grounds would provide a basis for avoiding the application of the statute of limitations,[13] plaintiff may seek leave to further amend his complaint if he has a good faith basis in the facts for doing so. Any such motion for leave to amend shall be filed on or before **November 27, 2007**. Absent leave sought and granted, this case will be deemed dismissed in its entirety, with prejudice.

---

[12]*Even if the plaintiff had attempted to provide a factual basis for tolling the limitations period under the savings clause as to the assault and battery, defamation, and malicious prosecution claims, the court notes that this would be ineffective because these claims are subject to a one-year limitations period.*

[13]*Based on the dates of filings and dismissals in this series of cases and the operation of the Oklahoma savings statute, as discussed above, it appears plaintiff can avoid the bar of the limitations statute only if some event involving the videotape or the affidavits occurred between July 1, 2003, and July 7, 2003.*

**IT IS SO ORDERED**.

Dated this 7th day of November, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE